IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAVIER VAZQUEZ, on behalf of himself and other persons similarly situated<br><br>*Plaintiffs*,<br>v.<br><br>CONTRACTOR LABOR SERVICES, LLC.,<br>CONRAD INDUSTRIES, INC., and<br>EDUARDO HERNANDEZ<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br><br>JUDGE<br><br>MAG. JUDGE |

_____

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**
_____

Plaintiff Javier Vazquez through his attorneys, Roberto Luis Costales and William H. Beaumont, file this Collective Action Complaint against Defendants Contractor Labor Services, LLC., Conrad Industries, Inc. and Eduardo Hernandez.

**NATURE OF THE ACTION**

1.This is an action by Javier Vazquez ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages.  Plaintiff was employed as a manual laborer by Defendants Contractor Labor Services, LLC., Conrad Industries, Inc. and Eduardo Hernandez ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2.Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees

who worked for Defendants during the past three years. 29 U.S.C. § 216(b).   Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Javier Vazquez

5. Plaintiff Javier Vazquez ("Plaintiff Vazquez") is a resident of Louisiana.

6. From approximately June 2014 to December 2015, Plaintiff was employed by Defendants at various shipyards in St. Mary Parish, Louisiana.  These the shipyards are located in Amelia, Louisiana and Morgan City, Louisiana.

7. In connection with his employment with the Defendants, Plaintiff worked on boats that were being constructed and/or being refurbished. In connection therewith, Plaintiff performed general manual labor.

8. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Contractor Labor Services, LLC

9. Defendant Contractor Labor Services, LLC ("CLS") is a corporation organized under the laws of Louisiana with its principal place of business in Morgan City, Louisiana.

10. CLS hired Plaintiff in approximately June of 2014 to work as a laborer at the rate of $20.00 per hour.

11. CLS maintains an employment file for the Plaintiff.

12. The paychecks that the Plaintiff received for the employment at issue herein bore the name "Contractor Labor Services, LLC".

13. CLS determined Plaintiff's work schedule for the employment at issue herein.

14. CLS is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

15. CLS is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

## Defendant Conrad Industries, Inc.

16. Defendant Conrad Industries, Inc. ("Conrad") is a corporation organized under the laws of Delaware with its principal place of business in Morgan City, Louisiana.

17. Conrad is in the business of boat construction. Conrad is the owner and/or operator of the shipyards at which Plaintiff was employed and which are referred to in Paragraph 6 of this Complaint.

18. Conrad supervised the day to day work activities of Plaintiff.

19. Conrad determined Plaintiff's work schedule for the employment at issue herein.

20. Conrad is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21. Conrad is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Eduardo Hernandez

22. Defendant Eduardo Hernandez is an owner, President, Operator, and Director of Contractor Labor Services, LLC.

23. At all pertinent times herein Defendant Eduardo Hernandez had the authority to hire and fire Contractor Labor Services employees, including the Plaintiff herein.

24. At all pertinent times herein Defendant Eduardo Hernandez maintained executive authority over the jobs Contractor Labor Services employees were provided, including the location, duration, and rate-of-pay for those jobs.

### FACTUAL ALLEGATIONS

25. Defendants employ laborers to assist in the building and refurbishing of boats at multiple shipyard sites in Louisiana. Defendants employ crews of 20 or more persons as laborers at the various sites simultaneously.

26. Defendants paid Plaintiff by check. The names on the checks that he received for his work bore the name "Contractor Labor Services, LLC.".

27. Plaintiff normally worked more than (40) hours a week for the Defendants. Defendants often required Plaintiff to work seven days per week.

28. Defendants never paid Plaintiff one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.

29. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

30. Defendants paid the named Plaintiff, and other similarly-situated employees, at an hourly rate for work performed.

31. Defendants treated the named Plaintiff, and other similarly-situated employees, as exempt from the FLSA's overtime requirements.

32. When the named Plaintiff and other similarly-situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

33. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

34. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive overtime pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

35. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least February, 2013, and continuing until the present.

36. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

<u>March 28, 2016</u>

*Respectfully submitted,*

/s/ Roberto Luis Costales          /s/ William H. Beaumont
_____    _____
Roberto Luis Costales              William H. Beaumont
3801 Canal Street, Suite 207       3801 Canal Street, Suite 207
New Orleans, LA 70119              New Orleans, LA 70119
Louisiana Bar #33696               Louisiana Bar #33005
Telephone: (504) 534-5005          Telephone: (504) 483-8008
Facsimile: (504) 272-2956          *whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*