IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAVIER VAZQUEZ, on behalf of himself and other persons similarly situated | CIVIL ACTION NO. 16-408 |
| *Plaintiffs*, | JUDGE: *Unassigned* |
| v. | MAG. JUDGE PATRICK J. HANNA |
| CONTRACTOR LABOR SERVICES, LLC., CONRAD INDUSTRIES, INC., and EDUARDO HERNANDEZ | |
| *Defendants*. | |

## **MEMORANDUM IN SUPPORT OF MOTION TO APPROVE FLSA SETTLEMENT**

The Parties have reached a settlement of the Plaintiff's claims and hereby seek Court approval of same, to wit:

### BACKGROUND FACTS

1.  On March 28, 2016, pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), Javier Vazquez filed the Lawsuit in this Court.

2.  On May 12, 2016, Defendant Conrad Industries filed an Answer denying the material allegations of Plaintiff's Original Complaint.

3.  On June 1, 2016 Defendant Contractor Labor Services, LLC filed a motion challenging the adequacy of the representative Plaintiffs.

4.  On July 26, 2016 Plaintiffs dismissed the class allegations.

5.  Since the inception of this lawsuit the parties have engaged in discovery and litigation. They have briefed multiple motions. They have reviewed extensive document production.

6. Plaintiffs and their counsel believe that this settlement is fair, adequate and reasonable. The amount to be paid under the settlement is a total of $30,000.00 to Plaintiffs Vazquez and Sanchez.

7. This dollar amount was reached by multiplying each Plaintiff's overtime hours worked (as reflected in his payroll records) by his overtime rate (time-and-a-half). The dollar amount was then increased to account for liquidated damages. These calculations were based on a time period extending backwards from the date Plaintiffs initiated this action to the date they were first employed by Defendants—up to the three year statutory maximum.

8. The amount to be paid under the settlement is $30,000.00 to Plaintiffs' counsel for their time and costs. This amount was reached based upon over 120 hours of Plaintiffs' counsel time and Plaintiffs' costs. Attorneys Costales and Beaumont have had their hourly rates awarded at $250.00 per hour.[1]

## ARGUMENT AND AUTHORITY

9. The FLSA provides that any employer who violated its provisions shall be liable to the employees affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be. 29 U.S.C. Section 216(b). The FLSA not only obliges employers to pay employees for unpaid back wages, it compels employers to pay an additional amount in "liquidated damages." *Id*.

10. FLSA claims cannot be waived. *Bodle v. TXL Mortg. Corp.* No. 14-20224, at page 7 (5th Cir. 2015). Parties who seek to compromise FLSA claims must be mindful that the 5th Circuit has promulgated standards for the approval of such agreements. *Id.* Other circuits have also recognized minimum standards for releasing defendant-employers from FLSA claims.

---

[1] *Banegas v. Calmar Corporation et al*, No. 15-593 (Rec. Doc. 69) (I. Lemelle).

*Lynn's Food. Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982); *Boaz v. FedEx Customer Information Services, Inc*., 725 F.3d 603, 606 (6th Cir. 2013).

11. In reviewing an FLSA settlement, a court should determine whether the agreement to settle contemplates a "bona fide dispute" over the actual FLSA claim itself. *Martin v. Spring Break '83 Productions, L.L.C.,* 688 F.3d 247, 255 (5th Cir.2012). Settlements which are merely "generic, broad releases" of future claims do not suffice. *Bodle* at page 8.

12. Elements that should be present in an FLSA settlement include: (1) explicit mention of overtime claims; (2) mention of overtime hours; (3) overtime wage amounts; (4) calculations or attempted calculation of overtime hours owed or worked. *Martin* at 255.

13. The settlement in this case[2] displays the hallmarks of an acceptable agreed resolution of FLSA claims. It explicitly contemplates Plaintiff's overtime claims and it specifically calculates Plaintiff's award based on his overtime rate of pay and overtime hours worked. As such, this Court should approve the settlement.

## CONCLUSION & PRAYER

WHEREFORE PREMISES CONSIDERED, the parties seek approval of this FLSA settlement for all reasons stated herein.

---

[2] The settlement is attached to this motion as ***Exhibit 1***.

*Respectfully submitted,*

/s/ William H. Beaumont
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Emily A. Westermeier (#36294)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
rlc@beaumontcostales.com
whb@beaumontcostales.com
eaw@beaumontcostales.com
*Attorneys for Plaintiffs*


/s/ Gregory Guidry_____
Gregory Guidry T.A. (LA Bar Roll No. 06489)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
603 Silverstone Road, Suite 102A
Lafayette, LA 70508
Tel. (337) 769-6583
Fax (337) 989-0441
greg.guidry@ogletreedeakins.com
*Attorneys for Conrad Industries, Inc.*


/s/ Kevin Hernandez                                    /s/ David K. Theard
_____            _____
Kevin Hernandez                                         David K. Theard
1817 W. University Avenue                               201 St. Charles Ave. Ste. 5100
Lafayette, La 70506                                     New Orleans, La 70170
Louisiana Bar # 35821                                   Louisiana Bar # 31987
Telephone: (337) 981-7432                               Telephone: (504) 582-8402
Facsimile: (337) 981-7452                               Facsimile: (504) 589-8402
*Khernandez6886@gmail.com*                              *dtheard@joneswalker.com*

*Attorneys for Contractor Labor Services, LLC and Eduardo Hernandez*