## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by and between Contractor Labor Services, LLC and its subsidiaries, affiliates, officers, employees, agents, directors, representatives, successors, assigns, and shareholders and Eduardo Hernandez ( collectively the "Defendants"), and Javier Vazquez (including any alias, assumed names or otherwise used by Javier Vazquez, which includes but is not limited to "Jeyson P. Colon")  and Jorge Sanchez (including any alias, assumed names or otherwise used by Jorge Sanchez, which includes but is not limited to "Israel Aponte Vera")  (collectively, the "Plaintiffs") in the case captioned *Javier Vazquez and Jorge Sanchez, on behalf of themselves and other persons similarly situated, v. Contractor Labor Services, LLC, Conrad Industries, Inc., and Eduardo Hernandez*, case number 16-408, currently pending in the United States District Court for the Western District of Louisiana (the "Lawsuit").

This Agreement is made as a compromise between Plaintiffs and Defendants (collectively, the "Parties") for the complete and final settlement of Plaintiffs' claims, differences and causes of actions raised in the Lawsuit.

## BACKGROUND

1.      On March 28, 2016, pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), Javier Vazquez filed the Lawsuit in this Court ("Plaintiff's Original Complaint").

2.      On May 12, 2016, Defendant Conrad Industries filed an Answer denying the material allegations of Plaintiff's Original Complaint.

3.      On June 1, 2016 Defendant Contractor Labor Services, LLC filed a motion challenging the adequacy of the representative Plaintiffs.

4.      On July 26, 2016 Plaintiffs dismissed the class allegations.

5.      Throughout the pendency of the Lawsuit, the Parties engaged in discovery and the exchange of Rule 26 disclosures and service of, and responses to, written discovery requests.

5.      Defendants denied, and continue to deny, the allegations in the Lawsuit and deny all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit; nonetheless, without admitting or conceding any liability or damages, and solely to avoid the burden, expense and uncertainty of continuing to litigate Plaintiffs' claims, the Parties have agreed to settle Plaintiffs' claims in the Lawsuit on the terms and conditions set forth in this Agreement.

6.      To determine how best to serve the interests of the Parties, the Parties and their counsel have investigated and evaluated the facts and law relating to the claims asserted in the Lawsuit; after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, the parties and their counsel believe the settlement as provided in this Agreement is in the best interests of parties and represents a fair, reasonable, and adequate resolution of the claims asserted in the Lawsuit.

THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

A.      **Consideration:** In consideration of all of Plaintiffs' agreements and obligations herein, Defendants agrees to pay Plaintiffs the total amount of $60,000.00 U.S. Dollars (the "Settlement Amount") to be distributed as follows:

| | | |
|---|---|---|
| 1. | Jorge Sanchez | $10,000.00 |
| 2. | Javier Vazquez | $20,000.00 |
| 3. | Costales Law Office | $30,000.00 |

B.  **Settlement Allocation:**

1.     A check for $20,000.00 payable solely to Javier Vazquez will be due to Plaintiffs' Counsel's offices within 5 days of execution of this Agreement by all parties..

2.     Within 90 days of the Court's order granting the *Joint Motion to Approve FLSA Settlement*, the Defendants will deliver to Plaintiffs' Counsel's office a check for $10,000.00 payable solely to Jorge Sanchez and a $10,000.00 check payable to solely the Costales Law Office for attorney's fees and costs.

3.     Within 180 days of the Court's order granting the *Joint Motion to Approve FLSA Settlement*, the Defendants will deliver to Plaintiffs' Counsel's offices a check for $20,000.00 payable to solely the Costales Law Office for attorney's fees and costs.

C.     **Court Approval:** The Parties will submit to the Court a joint motion for final approval of this Agreement. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement.

D.      **Release of Wage and Hour Claims:** Sanchez and Vazquez, on behalf of themselves, their descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges Contractor Labor Services, Conrad Industries, Eduardo Hernandez, and their past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees (collectively referred to as "Released Entities"), from all claims of any kind, whatsoever, now existing, that in any way relate to, were asserted by, or could have been asserted by Plaintiffs in the Lawsuit for alleged violations of the Fair Labor Standards Act, claims regarding hours worked, the payment, or nonpayment of wages, overtime compensation, minimum wage compensation, meal and rest periods, penalties, and liquidated damages.. This

includes but is not limited to any and all claims asserted by Plaintiffs in the lawsuit entitled *Javier Vazquez and Jorge Sanchez v. Contractor Labor Services, LLC, Conrad Industries, Inc. and Eduardo Hernandez*, Case No. 6:16-cv-408 in the United States District Court for the Western District of Louisiana.  This Agreement does not release any claims related to injuries, longshore benefits, or worker's compensation benefits.

E.     **Liability:** It is expressly understood by the Parties that Plaintiffs shall be deemed a "prevailing party" for any purpose, including any fee shifting statute, rule, or agreement.

F.     **Dismissal:** The Parties agree to file a *Joint Motion to Approve FLSA Settlement* within three days of the execution of this agreement by all parties. The Parties agrees to file a Joint Motion for Dismissal within three business days of Plaintiffs and their attorneys receiving all of the consideration identified in paragraph A.

G.     **Severability of Provisions:** The provisions of this Agreement shall not be deemed severable. If this Agreement is not approved by the Court in whole, the Parties agree they will attempt, in good faith, to revise this Agreement and resubmit this Agreement for approval by the Court.

H.     **Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

I.     **Taxes:** Plaintiffs acknowledge, warrant, and agree that they alone will be responsible for all taxes and other withholdings, including, but not limited to self-employment taxes applicable to the compensation and benefits paid by Contractor Labors Services and

Eduardo Hernandez Conrad under this Agreement. Plaintiffs are relying on the advice of their professional advisors regarding their allocation and the tax treatment of the settlement sum and are not relying on any representation of Contractor Labors Services or Eduardo Hernandez. Plaintiffs agree to hold Contractor Labors Services and Eduardo Hernandez harmless from any and all liability which may be asserted against them by any federal or state government agency or municipality for Social Security, income tax, or any other tax owed by Plaintiffs in connection with such payment together with any interest and penalties owed thereon, and agree to pay all attorney's fees and/or costs of Defendants related to any proceedings involving Plaintiffs' tax liabilities.

J.    **Waiver of Employment Rights:** Plaintiffs specifically waive any right of reinstatement or right to re-employment with Contractor Labor Services, Eduardo Hernandez and/or Conrad, and further agree that they will never apply for employment with Contractor Labor Services, Eduardo Hernandez and/or Conrad.  Plaintiffs expressly agree that any breach of their obligations under this Paragraph shall be grounds for the denial of employment, the withdrawal of any offer of employment if made, or the termination of his employment if employment is obtained, and that he shall have no right or cause of action against Contractor Labor Services, Eduardo Hernandez and/or Conrad or any of the Released Parties as the result of such denial, withdrawal, or termination.

K.    **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of the administration and enforcement of this Agreement.

L.    **Dispute Resolution:** The Parties intend for any disputes regarding this Agreement to be heard only by the Court.

**M.     Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Louisiana whether any party is, or may hereafter be, a resident of another state.

**N.     Extension of Time:** The Parties may, subject to Court approval, agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**O.     Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.

**P.     Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**Q.     No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**R.     Cooperation Clause:** The Parties acknowledge it is their intent to consummate this Agreement, and they agree to cooperate and exercise their best efforts to the extent necessary to effectuate and implement all of the terms and conditions of this Agreement.

**T.     Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing, signed by all Parties and approved by the Court.

U.    **Captions:** The captions or headings of the sections and paragraphs of Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

V.    **When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the

W.    **Facsimile Signatures:** Execution by facsimile shall be deemed effective original.

X.    **Corporate Signatories:** Each person executing this Agreement, including execution on behalf of Defendants, warrants and represents that such person has the authority to do so.

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.


_Javier Vazquez_
Javier Vazquez


Dated: Sep/28/2017

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

_Jorge Sanchez_
Jorge Sanchez

Dated:

{N3460383.1}9

FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN
READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

Contractor Labor Services, LLC

Dated: 12-5-17



FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN
READ AND FULLY UNDERSTOOD BEFORE ME SIGNING OF THIS AGREEMENT.

Eduardo Hernandez

Dated:   10-7-17